UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEWAYNE EMMANUEL LAMAR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 3:23-cv-00120 |
| | )   Judge Trauger |
| KNOXVILLE CRIMINAL | ) |
| COURT D.A., et al., | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiff DeWayne Emmanuel Lamar's third amended complaint against Knoxville Criminal Court D.A., Knox County District Attorney General Charme P. Allen, William Dossett, and Governor Bill Lee.[1] (Doc. No. 12.) The Court must conduct an initial review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).").

**A.    Standard of Review**

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Estelle v. Gamble*, 429

---

[1] As a threshold matter, Defendant Dossett is deceased, and "Knoxville Criminal Court D.A." is duplicative of defendant Allen, the Knox County District Attorney General. (Doc. No. 12 at 2-3.) These defendants will therefore be dismissed.

U.S. 97 (1976)). Even under this lenient standard, however, pro se plaintiffs must meet basic pleading requirements and are not exempted from the requirements of the Federal Rules of Civil Procedure. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). During initial review, the court applies the standard for Rule 12(b)(6), *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). The court then determines if the allegations "plausibly suggest an entitlement to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] formulaic recitation of the elements of a cause of action will not do," *id*. (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)), and Plaintiff may not rely on unwarranted factual inferences or legal conclusions couched as factual allegations. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007); *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

B.     **Factual Allegations**

In 1991, the plaintiff accepted a plea bargain in Knoxville criminal court that contained no sex offender registry requirements. (Doc. No. 12 at 3-5.) The plaintiff had no knowledge of a sex offender registry in order to "agree or disagree with the terms." *Id*. at 4. After his release from incarceration in 2005, however, the plaintiff was placed on Tennessee's sex offender registry ("SOR"). Since that time, the plaintiff has been punished for failure to register and, on three occasions, has been "harassed by white officers and beaten" for living in neighborhoods under SOR residency restrictions. *Id*. at 5. The SOR restrictions have also caused the plaintiff stress and depression. *Id*.

**C. Analysis**

The Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act ("SORA"), Tenn. Code Ann. § 40-39-201 *et seq.*, requires individuals convicted of certain offenses to be included on the state's SOR and comply with a number of (often quite severe) restrictions on their behavior, including restrictions on where they can live, work, or even be present. *Santini v. Rausch*, No. 3:20-CV-00661, 2021 WL 2043083, at *2 (M.D. Tenn. May 21, 2021) (citing *Reid v. Lee*, 476 F. Supp. 3d 684, 689-93 (M.D. Tenn. 2020)). The plaintiff brings official-capacity claims under 42 U.S.C. § 1983 that constitute as-applied federal constitutional challenges to the SORA.[2] Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).[3]

---

[2] "In an as-applied challenge, the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional." *Women's Med. Prof'l Corp. v. Voinovich*, 130 F.3d 187, 193 (6th Cir. 1997) (citation omitted). By contrast, a plaintiff that challenges a law "on its face" attempts "to invalidate the law in each of its applications, to take the law off the books completely." *Green Party of Tenn. v. Hargett*, 791 F.3d 684, 691 (6th Cir. 2015) (quoting *Speet v. Schuette*, 726 F.3d 867, 871 (6th Cir. 2013)). Here, the gravamen of the complaint is that the SORA is invalid in the context of its application to the plaintiff, and the plaintiff seeks injunctive relief pertaining only to himself. (*See* Doc. No. 12 at 5.) That is, the plaintiff does not suggest that he seeks to "challenge all retroactive applications of [the SORA]." *Doe #1 v. Lee*, 518 F. Supp. 3d 1157, 1180 (M.D. Tenn. 2021). Accordingly, the court does not construe the complaint as asserting that the SORA is facially unconstitutional. *See Warshak v. United States*, 532 F.3d 521, 529 (6th Cir. 2008).

[3] Because the plaintiff seeks prospective injunctive relief, these claims are properly brought against defendant Lee. *Doe v. Haslam*, Nos. 3:16-cv-02862, 3:17-cv-00264, 2017 WL 5187117, at *9-10 (M.D. Tenn. Nov. 9, 2017); *see also Ernst v. Rising*, 427 F.3d 351, 358-59 (6th Cir. 2005) (citing *Ex Parte Young*, 209 U.S. 123, 155-56 (1908)). To the extent that these claims are also for money damages (*see* Doc. No. 12 at 5), however, defendant Lee is protected by Tennessee's sovereign immunity from suit in federal court.

The plaintiff first challenges the SORA under the Ex Post Facto Clause of the United States Constitution. (Doc. No. 1 at 5.) The Ex Post Facto Clause "forbids the [legislature] . . . to enact any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *United States v. Kruger*, 838 F.3d 786, 790 (6th Cir. 2016). Two elements must be present for a law to fall within the ex post facto prohibition: (1) "it must apply to events occurring before its enactment"; and (2) "it must disadvantage the offender affected by it . . . by altering the definition of criminal conduct or increasing the punishment for the crime[.]" *Doe #1*, 518 F. Supp. 3d at 1182 (quoting *Lynce v. Mathis*, 519 U.S. 433, 441 (1997) (internal citation and quotation marks omitted)); *see also Hill v. Snyder*, 900 F.3d 260, 266 (6th Cir. 2018).

Here, the plaintiff alleges that he was placed on Tennessee's SOR for a conviction that occurred before the SORA became law. He further alleges that the SORA is an ongoing imposition of increased punishment that has significantly affected his quality of life. Finally, the plaintiff's allegation that he has been actively prosecuted under the SORA plausibly suggests that state officials refuse to remove him from the registry. The plaintiff has, therefore, stated a colorable Section 1983 claim based on alleged violation of the Ex Post Facto Clause. *See, e.g., Brown*, 2020 WL 7864252, at *8 (concluding plaintiff "plausibly alleged that his placement on the [SORA registry] violates the Ex Post Facto Clause"); *Haslam*, 2017 WL 5187117, at *13-14 (denying motion to dismiss as-applied Ex Post Facto Clause constitutional challenges to the SORA).

---

*See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) (citing *Ernst*, 427 F.3d at 358). Plaintiff's official-capacity Section 1983 claims for money damages will therefore be dismissed without prejudice for lack of subject-matter jurisdiction. *See Brown v. Lee*, No. 3:20-cv-00916, 2020 WL 7864252, at *6 (M.D. Tenn. Dec. 30, 2020) (dismissing SORA-registrant's official-capacity claims for money damages based on sovereign immunity).

The plaintiff has also stated a colorable claim under the Eighth Amendment. The Eighth Amendment protects incarcerated persons from the imposition of cruel and unusual punishment. *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1093 (6th Cir. 2019). Relying on *Doe v. Snyder*, 834 F.3d 696, 703-05 (6th Cir. 2016), courts in this circuit have found that the SORA may be characterized as punitive. *Doe #1*, 518 F. Supp. at 1183-1204 (concluding that, as applied, SORA's classification and reporting obligations are "punitive" and "resemble[ ] traditional forms of punishment"); *Reid*, 476 F. Supp. 3d at 705; *Doe v. Gwyn*, No. 3:17-cv-504, 2018 WL 1957788, at *8 (E.D. Tenn. Apr. 25, 2018); *Haslam*, 2017 WL 5187117, at *20. Here, the plaintiff alleges that he has suffered harm—including physical violence—in connection with the enforcement of SOR requirements. Because SORA may be deemed punitive, the plaintiff is entitled to pursue discovery in an attempt to establish that Tennessee's system is impermissibly faulty. *Doe v. Lee*, No. 221CV02156SHLATC, 2023 WL 2001051, at *6 (W.D. Tenn. Jan. 25, 2023), *report and recommendation adopted*, No. 221CV02156SHLATC, 2023 WL 1997128 (W.D. Tenn. Feb. 14, 2023) (citing *Reid*, 476 F. Supp. 3d at 706; *Haslam*, 2017 WL 5187117, at *20).

The plaintiff's Fifth Amendment claim, however, is inadequately pled. The complaint merely mentions the Fifth Amendment in passing and contains no explanation of the nature of this claim or related supporting factual allegations. The court is therefore unable to discern, for example, whether the plaintiff may seek to assert a procedural due process claim (which has been foreclosed by the Supreme Court), *Brown*, 2020 WL 7864252, at *7 (citing *Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1 (2003)), or a takings claim rooted in notions of government contracts, *Lynch v. United States*, 292 U.S. 571, 579 (1934). Because the court "cannot create a claim which [the plaintiff] has not spelled out in [his] pleading," Plaintiff's Fifth Amendment claim will be dismissed. *Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011); *see also Young Bok Song*

*v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (explaining the role of courts is not "to ferret out the strongest cause of action on behalf of pro se litigants" or to "advis[e] litigants as to what legal theories they should pursue").

Finally, the complaint brings a state law claim for interference with contract. (Doc. No. 12 at 4) (citing Tenn. Code Ann. § 47-50-90). "In Tennessee, the common law action for tortious interference with contract and the statutory action for unlawful procurement of breach of contract have the same elements and operate as alternative theories of recovery." *Johnson v. Univ. Hosps. Health Sys., Inc.*, No. 3:21-cv-00656, 2023 WL 5538980, at *1 n.2 (M.D. Tenn. Aug. 28, 2023) (quoting *Hauck Mfg. Co. v. Astec Indus., Inc.*, 376 F. Supp. 2d 808, 832 (E.D. Tenn. 2005)). The elements for either cause of action are: (1) a legal contract existed; (2) the defendants knew the contract existed; (3) the defendants intended to induce a breach of that contract; (4) the defendants acted with malice; (5) the contract was breached; (6) the defendants' actions were the proximate cause of the breach; and (7) the plaintiff suffered damages. *Id*. (citing *Robinson v. City of Clarksville*, 2023 WL 1230159, at *10 (Tenn. Ct. App. Jan. 31, 2023)). In this context, "malice is 'the willful violation of a known right.'" *Prime Co. v. Wilkinson & Snowden, Inc.*, No. W2003-00696-COA-R3CV, 2004 WL 2218574, at *4 (Tenn. Ct. App. Sept. 30, 2004) (quoting *Crye-Leike Realtors, Inc. v. WDM, Inc.*, No. 02A01-9711-CH-00287, 1998 WL 651623, at *6 (Tenn. Ct. App. Sept. 24, 1998)).

Read broadly, the complaint alleges that the plaintiff signed a negotiated plea agreement and the state induced a breach of that agreement by imposing requirements pursuant to SORA. (*See* Doc. No. 12.) However, the complaint does not allege that defendants Lee or Charme had any involvement in either the plaintiff's 1991 plea agreement or the 2005 imposition of SOR requirements. Nor does the complaint allege that Lee or Charme acted "intentionally and without

6

Case 3:23-cv-00120   Document 13   Filed 10/23/23   Page 6 of 8 PageID #: 65

legal justification" towards the plaintiff, *Prime Co.*, 2004 WL 2218574, at *4, or that those actions proximately caused the plaintiff's alleged harm. Accordingly, the plaintiff fails to state a colorable claim for interference with contract.

**D.     Conclusion**

For these reasons, the court concludes that the plaintiff has stated non-frivolous Section 1983 official-capacity claims for prospective injunctive relief against defendant Lee, bringing as-applied constitutional challenges based upon the Ex Post Facto Clause and the Eighth Amendment. The plaintiff's official-capacity claims for money damages are **DISMISSED WITHOUT PREJUDICE**. All other claims are **DISMISSED**. The court's determination that the complaint states colorable claims for purposes of this initial screening does not preclude the court from dismissing any claim at any time for the reasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude the defendant from filing a motion to dismiss any claim under Federal Rule of Civil Procedure 12.

The court will direct the U.S. Marshals Service to serve the third amended complaint (Doc. No. 12) on defendant Lee at no cost to the plaintiff. However, in order for the U.S. Marshals Service to serve the defendant, the plaintiff must complete and return two forms: "Process Receipt and Return" (AO 285) and "Summons in a Civil Action" (AO 440). These forms are together referred to as a "service packet." The Clerk is **DIRECTED** to send the plaintiff one service packet. The plaintiff **MUST** complete the service packet for defendant Lee, and then return the completed service packet to the Clerk's Office within **21 DAYS** of the date this order is entered on the docket. Upon return of the completed service packet, **PROCESS SHALL ISSUE**. The plaintiff is warned that failure to return the completed service packet within the required time period could jeopardize his prosecution of this action.

7

Case 3:23-cv-00120     Document 13     Filed 10/23/23     Page 7 of 8 PageID #: 66

This action is **REFERRED** to the Magistrate Judge to oversee service of process, enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72 of the Federal Rules of Civil Procedure and the Local Rules of Court. The plaintiff is cautioned that he must keep the court informed of his current address or face dismissal for want of prosecution. Fed. R. Civ. P. 41(b); Local Rule 41.01(b).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge